IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

L. J. QUINN'S RESTAURANT & SUPPLY, INC., a California corporation, EMBARCADERO COVE ENTERPRISES, LLC, a California limited liability company, CITY OF OAKLAND, a municipal corporation, acting by and through its port commissioners, and DOES 1–10,

    Defendants.

No. C 18-01182 WHA

**ORDER DENYING MOTION FOR ATTORNEY'S FEES AND VACATING HEARING**

## INTRODUCTION

In this action under Title III of the Americans with Disabilities Act, plaintiff's counsel moves for an award of attorney's fees and costs. For the reasons explained below, the motion is **DENIED** as untimely and the March 14 hearing is **VACATED**.

## STATEMENT

Plaintiff Scott Johnson, a disabled person, encountered accessibility barriers when he patronized a restaurant owned by defendant L.J. Quinn's Restaurant & Supply, Inc. in Oakland, California. Plaintiff initiated this action in February 2018, alleging violations of Tittle III of the ADA and California's Unruh Civil Rights Act. An amended complaint, adding defendant City of Oakland, followed in April 2018. Thereafter, the parties engaged in settlement discussions but plaintiff initiated no motion practice and the parties exchanged no discovery (Dkt. Nos. 1, 8, 42).

Plaintiff ultimately accepted defendant's August 2018 amended offer of judgment under Federal Rule of Civil Procedure 68. The offer provided that defendant would pay $8,300 in damages and remedy the premises to comply with applicable laws. In accordance with these terms, the Court entered judgment on December 18, 2018. Plaintiff now moves for an award of attorney's fees and costs (Dkt. Nos. 26, 39–40). This order follows full briefing. Pursuant to Civil Local Rule 7-1(b), this order finds plaintiff's motion suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for March 14.

## ANALYSIS

Plaintiff asks for an award of $23,202 in attorney's fees and costs. Attorney's fees are available to the prevailing party under both the ADA and the Unruh Act. 42 U.S.C. § 12205; Cal. Civ. Code. § 52. Defendant does not dispute that plaintiff is the prevailing party, but rather argues that plaintiff is not entitled to attorney's fees or costs because the instant motion is untimely.

Rule 54(d)(2)(B)(i) provides that a request for attorney's fees must "be filed no later than 14 days after the entry of judgment." Local Rule 54-5 also provides that "[u]nless otherwise ordered by the Court . . . motions for awards of attorney's fees by the Court must be served and filed within 14 days of entry of judgment by the District Court." "Although the 14-day period is not jurisdictional, the failure to comply [with Rule 54] should be sufficient reason to deny the fee motion, absent some compelling showing of good cause." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 889–90 (9th Cir. 2000) (citation and internal quotation marks omitted) (alteration in original).

Here, plaintiff did not file his motion for attorney's fees until January 25, over five weeks after the Court entered judgment. Plaintiff essentially concedes that he failed to meet Rule 54(d)(2)(B) and Local Rule 54-5's timing requirements, arguing only that the instant motion "is filed pursuant to a contractual agreement of the parties under [Rule] 68" (Dkt. No. 43 at 1). The only reference to attorney's fees in the Rule 68 offer, however, is the directive that "[the] Offer of Judgment shall not be filed with the Court unless (a) accepted or (b) in a proceeding to determine costs and reasonable attorney's fees." The Rule 68 offer is silent on

plaintiff's deadline to file the instant motion. Plaintiff fails to explain, moreover, how the parties' agreement in this regard would have been sufficient to overcome Rule 54(d)(2)(B) and Local Rule 54-5's timing requirements. Because plaintiff indisputably missed the 14-day period to request attorney's fees and has failed to show good cause for doing so, his motion for attorney's fees and costs is **DENIED**.

## CONCLUSION

For the reasons explained above, plaintiff's motion for attorney's fees and costs is **DENIED** as untimely. The March 14 hearing is **VACATED**.

**IT IS SO ORDERED.**

Dated: March 11, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE